**URBAN ELECTRICAL SUPPLY AND EQUIPMENT CORP., Plaintiff,**

v.

**NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Robert G. Hazen, F. Garofalo Electric Co., Frank Garofalo, Penn Electric Supply Corp., McPhilben Lighting, Division of Emerson Electric Co., Edward Gluck, Hartford Accident and Indemnity Co. and Hydroair, Inc., Defendants.**

**No. 83 CV 5286.**

United States District Court, E.D. New York.

Feb. 26, 1985.

Irving Lampert, New York City, for plaintiff.

Tunstead, Schecter & Torre, New York City (Don Clinton, Dan M. Rice, New York City, of counsel), for defendants F. Garofalo Elec. Co., Inc., Frank Garofalo, Penn Elec. Supply Corp., and Hydroair, Inc.

Arthur F. Golden, D. Scott Wise, New York City, of counsel, for defendants McPhilben Lighting, Div. of Emerson Elec. Co., and Edward Gluck.

Jeffer, Hartman, Hopkinson, Vogel, Coomber & Peiffer, New York City (Mark D. Lefkowitz, New York City, of counsel), for defendant Hartford Acc. and Indem. Co.

Cantor & Reiss, Max E. Greenberg, New York City, for defendants New York Convention Center Development Corp. and Robert G. Hazen.

## ORDER

McLAUGHLIN, District Judge.

The attached Report & Recommendation of the Hon. Shira A. Scheindlin, United States Magistrate, is hereby adopted as the Opinion of the Court. No objections were filed within the time permitted. Fed.R. Civ.P. 72(a).

It is hereby ORDERED that plaintiff's complaint is dismissed, with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C) and 41(b). There is thus no need to rule on the summary judgment motion of defendants F. Garofalo Electric Co., Frank Garofalo, Penn Electric Supply Corp. and Hydroair, Inc.

SO ORDERED.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

February 1, 1985

SHIRA A. SCHEINDLIN, United States Magistrate.

Defendants, named in the caption, have moved pursuant to Fed.R.Civ.P. 11, 16, 26, 37, and 41 to dismiss the complaint filed by plaintiff, Urban Electric Supply and Equipment Corp. ("Urban"), because of plaintiff's consistent failure to provide discovery and to comply with court orders. Defendants also seek attorneys' fees and costs as sanctions against plaintiff pursuant to Fed. R.Civ.P. 37.

## I. STATEMENT OF FACTS

Urban sued the above-named defendants in December, 1983 for injunctive relief and damages in the amount of $41,000,000.00, including punitive damages. Plaintiff claims that defendants violated: 1) Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26 (Supp. V 1981); 2) Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2 (1976); 3) the Civil Rights Act, 42 U.S.C. §§ 1983, 1985 (Supp. V 1981); 4) plaintiff's rights under the Fourth Amendment; and 5) various New York State statutes. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 (Supp. V 1981), and venue is based on 15 U.S.C. §§ 15, 22 (Supp. V 1981) (the Clayton Act).

On April 30, 1984, I set a discovery schedule at an initial status conference. Attorneys for all parties attended, including Mr. Irving B. Lampert, attorney for plaintiff. At the conference I issued an oral order that required plaintiff: 1) to serve its document request by May 7; 2) to answer all discovery requests previously submitted by defendants by May 18; and 3) to answer by June 7 all defendants' discovery requests, which were to be served on plaintiff by May 8.

Plaintiff failed to comply with this order. At the next status conference, on June 21, 1984, defendants Garofalo Electric, Penn, and Hydroair moved pursuant to Fed.R. Civ.P. 37 to dismiss plaintiff's complaint for failure to provide discovery. In addition, defendant Convention Center moved for sanctions pursuant to Rule 37. In a written order dated July 6, 1984, I found that plaintiff had violated my previous or-

der by failing to provide any meaningful discovery. I did not grant the motion to dismiss, but instead ordered Mr. Lampert, plaintiff's attorney, to pay $1,500.00 to defendants as reasonable expenses and attorneys' fees incurred in obtaining the order. In addition, I set forth the following discovery schedule:

1. By July 6, 1984, plaintiff to deliver answers to the Garofalo interrogatories;

2. On July 12, 1984, at 10:00 A.M., at the offices of Davis, Polk & Wardwell, plaintiff to produce documents to defendants pursuant to notices already served.

3. By July 20, 1984, plaintiff to deliver
a. supplemental answers to Hydroair's first set of interrogatories,
b. supplemental answers to Hydroair's second set of interrogatories,
c. supplemental answers to Penn Electric's interrogatories,
d. answers to all the interrogatories served by defendants which are still outstanding, and
e. responses to the Hartford's Notice to Admit.

4. Defendants' time to examine plaintiff is extended through August, 1984;

5. On August 21, 1984 at 11:00 A.M., all attorneys are to attend a status conference;

6. By August 27, 1984, defendants must file any motions to disqualify plaintiff's counsel.

Discovery Order, dated July 6, 1984.

Almost eight weeks after this order was filed, on August 31, 1984, Mr. Lampert filed a motion with the district court to enlarge his time to file objections to my July 6 order imposing sanctions. He also filed the objections themselves. The basis for this motion was that Mr. Lampert and his associate were occupied with another case and with the discovery requests in this action. Judge McLaughlin denied the motion in an order dated September 18, 1984. In denying the motion, Judge McLaughlin stated that Mr. Lampert's involvement in other cases did not constitute "excusable neglect" as required by Fed.R.Civ.P. 6(b)(2), and did not justify Mr. Lampert's failure to file timely objections. Order of the Honorable Joseph M. McLaughlin, District Judge, dated September 18, 1984 at 2. In addition, Judge McLaughlin recognized that "given the broad spectrum of sanctions available under Fed.R.Civ.P. 37 against parties and counsel who fail to comply with discovery orders, ... Magistrate Scheindlin has been most lenient toward plaintiff's counsel in this action." *Id.* at 3.

Before Judge McLaughlin issued his order, I had conducted another status conference on August 21, 1984, at which defendants again made a motion, this time to compel plaintiff's attorney to provide discovery and comply with my July 6, 1984 order. In response to defendant's motion, I issued another scheduling order, dated August 30, 1984, in which I set forth the following schedule:

1. By August 31, 1984, plaintiff to serve its motion seeking leave from the Honorable Joseph M. McLaughlin, to extend the ten day period set forth in Rule 72(a) of the Federal Rules of Civil Procedure, with respect to consideration of objections to the order of this Court mentioned above. This Court states that the August 31, 1984 date is set as a final deadline for said motion, but that in no event is it to be construed as an extension by this Court of said ten day period.

2. By September 4, 1984, plaintiff to respond to Hartford's Notice to Admit.

3. By September 7, 1984, plaintiff to serve and file its motion for a protective order with respect to its claims of privilege asserted in response to Garofalo's Interrogatory Nos. 36 and 42, and the Garofalo-Hydroair-Penn Notice to Produce No. 19. Responding papers are to be served and filed by September 14, 1984, and reply papers are to be served and filed by September 21,

1984. The motion is to be returnable on Tuesday, September 25, 1984 at 4:30 P.M. before this Court.

4. By September 14, 1984, plaintiff to submit written responses to each defendant's Notice to Produce, and to furnish the name and address of its former landlord who allegedly converted certain of plaintiff's documents.

5. By September 14, 1984, plaintiff to produce all documents mentioned in the second paragraph of item 2 in the letter of Lester Rivelis dated July 17, 1984.

6. By September 21, 1984, plaintiff to serve supplemental answers to Hydroair's second set of interrogatories.

7. By September 21, 1984, plaintiff to produce copies of all judgments against plaintiff.

8. By September 21, 1984, plaintiff to serve supplemental answers to Garofalo's Interrogatory Nos. 4, 24, 25, 30, 37, 39, and 41.

9. By September 21, 1984, plaintiff to serve supplemental answers to Hartford's Interrogatories.

10. On September 25, 1984 at 4:30 P.M., all attorneys are to attend a status conference. No depositions are to be taken prior to the status conference. Defendants' time to file motions to disqualify plaintiff's counsel is extended, with specific dates to be set at the status conference.

Discovery Order dated August 30, 1984.

I had previously included Items 2 and 6 in my July 6 order, but by August 30, plaintiff had still failed to comply with these directives. In addition, I was required to include Item 8 of the August 30 order (to compel additional responses) because plaintiff's response to a similar directive in the July 6 order was inadequate.

On September 25, 1984, I held another status conference at which plaintiff's counsel, Mr. Lampert requested additional time

to "learn the case." Sept. 25, 1984, Tr. 7.[1] Mr. Lampert had failed again to comply with my order, yet I decided to grant him one additional week to comply with Items 4–9 of the August 30 order. In another written order, dated October 9, 1984, embodying the oral directives made at the September 25 conference, I again directed Mr. Lampert to serve the following discovery items by personal delivery to defendants' attorneys no later than October 2, 1984:

1. Written responses to each defendant's Notice to Produce, and to furnish the name and address of its former landlord who allegedly converted certain of plaintiff's documents,

2. All documents mentioned in the second paragraph of item 2 in the letter of Lester Rivelis dated July 17, 1984,

3. Supplemental answers to Hydroair's second set of interrogatories,

4. Copies of all judgments against plaintiff,

5. Supplementary answers to Garofalo interrogatory Nos. 4, 24, 25, 30, 36, 37, 39 and 4,

6. Any and all documents evidencing that Irving Lampert acted as guarantor for any or all of Urban's debts, and

7. Supplemental answers to Hartford's interrogatories and Notice to Admit.

Discovery Order, dated October 9, 1984 (issued orally on September 25, 1984).

This order included items covered in my two previous written orders. I also ordered that defendants were to serve their motions, including motions to dismiss, by October 23, 1984, in the event that plaintiff defaulted again. Plaintiff's responding papers to such motions were due by October 30, 1984, and defendants' reply papers were due by November 6, 1984. The motions were returnable on November 13, 1984.

Defendants Garofalo Electric, Garofalo, Penn, and Hydroair timely filed a motion to

---

**1.** "Tr." refers to the transcript of the conference held on the date stated.

dismiss on October 4, 1984, after plaintiff's counsel failed to comply with my October 9 order that I had issued orally on September 25. Defendants McPhilben and Hartford each joined the motion to dismiss on October 22, 1984. Plaintiff's counsel failed to file any responding papers by October 30, the deadline that I had set in my October 9 order.

On November 13, 1984, my fifth pretrial conference in this case, I heard oral argument on defendants' motion to dismiss. Mr. Lampert arrived fifty minutes late for the conference. Upon his arrival, he attempted to serve the court and defendants with his responding papers to the motion, which had been due on October 30, 1984. Defendants requested the court not to accept plaintiff's responding papers because they were not timely served and filed. I refused to accept the papers, but nevertheless heard oral argument from both plaintiff and defendants on the motion to dismiss. Mr. Lampert therefore was not prejudiced by my refusal to accept his untimely responding papers.

Mr. Lampert defended his consistent failure to comply with my discovery order on the ground that he had delegated the responsibility for discovery in this case to an associate, Ms. Cornelia Mogor who, together with his other associate, had recently left Mr. Lampert's employ. Nov. 13, 1984, Tr. 16–21. Mr. Lampert stated that Ms. Mogor was primarily responsible for this matter and that "one of the problems with this case is that it consumes an awful lot of time." Nov. 13, 1984, Tr. 17. He thus claimed that he was unable to adequately handle discovery in this case after his associates left his office. He then stated that he was unaware of the progress of discovery in the case because he "came into the picture [for the first time] at the end of September [1984]." Nov. 13, 1984, Tr. 18.

I pointed out to Mr. Lampert that he "came into the picture" when he signed the complaint in December 1983. Nov. 13, 1984, Tr. 18. I also noted that Mr. Lampert had attended the initial scheduling conference, and had signed all the pleadings and the answers to the interrogatories. Nov. 13, 1984, Tr. 18. He had also participated in a telephone conference concerning discovery on June 7, 1984. Mr. Lampert then admitted that he was the attorney for the case, that plaintiff was his client, that Ms. Mogor was his assistant, and that he was her supervisor. Nov. 13, 1984, Tr. 19–20.

Mr. Lampert raised two other arguments at oral argument: 1) that his office had complied with ninety percent of defendants' discovery requests, by his estimate and that certain documents from 1981 had only recently become available (Nov. 13, 1984, Tr. 20–21); and 2) that any failure to comply with the court's orders was not "wilful." Nov. 13, 1984, Tr. 25.

## II. DISCUSSION

It is respectfully recommended that plaintiff's action be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C) because of plaintiff's repeated failure to comply with the discovery orders of this court.

Fed.R.Civ.P. 37(b)(2)(C) provides that where a party has failed to obey an order to provide discovery, the court may dismiss the action. Dismissal with prejudice is a harsh remedy, however, and it is to be used only in extreme situations. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982) (citing *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972)). Nonetheless, the severe sanction of dismissal must be available to penalize those whose conduct is sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct in the absence of this penalty. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). Dismissal also serves to prevent undue delays in the disposition of pending cases and to avoid congestion in the court's calendars. *Penthouse International, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 386 (2d Cir. 1981) (citing *Link v. Wabash R. Co.*, 370

U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

■ Courts have held that dismissals are authorized when the party whose suit is dismissed is in some sense at fault. *Penthouse International, Ltd.*, 663 F.2d at 387 (citing *National Hockey League*, 427 U.S. at 642–643, 96 S.Ct. at 2780–2781). In *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067 (2d Cir.1979), the court recognized that "fault" is not limited to "willfulness" and "bad faith", but includes gross negligence. Thus, grossly negligent failure to obey a discovery order, or a series of such orders may warrant dismissal.

■ Here, continued failure to obey this court's discovery orders warrants the imposition of the sanction of dismissal with prejudice. Sanctions are to be determined in light of the full record of the case. *See National Hockey League*, 427 U.S. at 641–642, 96 S.Ct. at 2780–2781. In this case the court was required to issue three written orders to compel plaintiff to comply with the prior court orders. Moreover, to deter further dilatory conduct and to compel compliance with prior court orders, monetary sanctions had already been ordered.

Mr. Lampert makes several arguments in defense of his non-compliance. The first is that he is guilty with an explanation, namely that he was unable to provide discovery because of problems in the management of his law office. Mr. Lampert offers alternative excuses. Either he was unfamiliar with the case because his associates handled the discovery or he was simply too busy with other matters.

■ His "lack of familiarity" excuse may be disposed of without much ado. Pursuant to Fed.R.Civ.P. 11, an attorney's signature on the pleadings and on discovery requests or responses indicates that he has read the pleading or other paper and that "to the best of his knowledge, information, and belief formed after reasonable inquiry it is well founded in fact...." F.R. Civ.P. 11. The purpose of Rule 11 is

to emphasize the attorney's responsibility to inquire into the facts and the law of a potential case prior to court filing.... The rule places an affirmative duty on the attorney to determine that there are good grounds to support the claim. *Perta v. Comprehensive Service Co.*, No. 83–C–5518, slip op. at 4 (N.D.Ill. Nov. 30, 1983). Because Mr. Lampert signed the complaint and various discovery papers, his familiarity with the facts must be presumed. Moreover, he was granted numerous extensions on the ground that he needed to "learn the case." Even after extensions were granted solely for that purpose, the required discovery was not forthcoming.

■ Mr. Lampert's next excuse, of being too busy to comply with the court's orders, must also be summarily rejected. In *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir.1980), the court refused to accept plaintiff's attorney's contention that his failure to complete discovery within the time ordered by the court was excused because he was occupied with other legal work. The court indicated that the proper course of action would have been to inform the judge in that case or the judges in his other cases of his conflicts. In this case the court and defendants became aware of each episode of Mr. Lampert's non-compliance only as Mr. Lampert failed to meet each new deadline. Each disregarded discovery order required the court to meet with all the parties and issue yet another order. The wasted time and effort that resulted from Mr. Lampert's alleged press of business cannot be tolerated by courts that are overburdened by the continuing increase in pending matters. Considering the full record here, Mr. Lampert's conduct in failing to obey this court's discovery order is irresponsible, inexcusable and grossly negligent.

■ Mr. Lampert's next defense is that he has now provided approximately ninety percent of the requested discovery and should not suffer dismissal. To begin with, it is unclear how Mr. Lampert can argue that he is unfamiliar with the case, particularly with the discovery matters, yet declare that there has been ninety percent

compliance with discovery and that the remaining ten percent is minor. Moreover, defendants contend that the discovery provided is minimal, that there has been no adequate discovery of key issues, and that no supplemental documents or written responses to document requests were produced, despite court orders, after July 9, 1984.[2]

Based on my familiarity with the case, Mr. Lampert's position is grossly exaggerated. Although some discovery has taken place, after repeated court orders and sanctions, it is by no means complete. Even at the oral argument on this motion, Mr. Lampert was offering to produce various items that he claimed had just been discovered. Nov. 13, 1984, Tr. 21. Assuming, *arguendo*, that plaintiffs have produced much of the requested discovery, a highly doubtful supposition, plaintiff's hopelessly belated compliance should not be given much weight. See *National Hockey League*, 427 U.S. at 642, 96 S.Ct. at 2780. Any other conclusion would encourage dilatory tactics and assure compliance with court orders only when the backs of counsel and litigants are against the proverbial wall. *Cine Forty-Second Street Theatre*, 602 F.2d at 1068. Mr. Lampert's allegation of ninety percent compliance, if true, is nevertheless insufficient to prevent the sanction of dismissal. Without the dismissal sanction, the court is powerless to compel compliance with that percentage of the court's order that a party chooses to ignore.

■ In the present case, the earlier imposition of monetary sanctions has not succeeded in compelling compliance with this court's orders. Mr. Lampert has still failed to produce the required documents or supplement the inadequate answers to interrogatories. Mr. Lampert has not yet even paid the sanction. The sole effect of the $1,500.00 fine was to create collateral litigation.[3] Thus, the imposition of any penalty other than dismissal will not have the deterrent effect contemplated by the rules. See *International Mining Co. Inc. v. Allen and Co. Inc.*, 567 F.Supp. 777 (S.D.N.Y. 1983), (plaintiffs' failure to produce documents and inadequacies of answers to interrogatories rendered sanctions other than dismissal either ineffective or infeasible). Defendants' present motion for attorney's fees and costs as sanctions therefore is denied.

■ Dismissal of plaintiff's claim because of counsel's negligent conduct does not impose an unjust penalty on the plaintiff. In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court reasoned that since plaintiff voluntarily chose his attorney as his representative, he cannot now avoid the consequences of the acts or omissions of this freely selected agent. This principle must be followed even where counsel's disregard of his professional responsibilities results in the dismissal of his client's claim. *Cine Forty-Second Street, Theatre*, 602 F.2d at 1067. Keeping the lawsuit alive solely to protect the plaintiff from being penalized for the omissions of his own attorney would result in penalizing the defendants for the improper conduct of the plaintiff's lawyer. In cases where the attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney. *Link*, 370 U.S. at 634, n. 10, 82 S.Ct. at 1390, n. 10.

■ The provisions of Fed.R.Civ.P. 37 must be read in light of plaintiff's Fifth Amendment due process rights. See *Societe Internationale Pour Participations*

---

**2.** Specifically, plaintiff repeatedly failed to provide any of the documents required by my oral order of September 25, which was incorporated into my written order of October 9, and in several previous orders. At oral argument on November 13, one of the defendants stated that "as of this date, including the affidavit of opposition which I just received, the information requested has still not been provided. So there's been no tender of the discovery information requested. And I think it's been almost six months that these items were initially requested." Nov. 13, 1984, Tr. 6.

**3.** Defendants moved for sanctions on June 21, 1984. I granted those sanctions in a written order dated July 6, 1984. Plaintiff filed an untimely appeal of this sanction to Judge McLaughlin on August 31, 1984, which Judge McLaughlin denied on September 18, 1984. Plaintiff's counsel then expressed his intent to appeal this order to the Court of Appeals.

*Industriélles et Commerciales S.A. v. Attorney General*, 357 U.S. 197, 210, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958). Here, dismissal of plaintiff's claim does not amount to a deprivation of property without due process of law because plaintiff, through counsel, was fully aware of the consequences of ignoring further court orders. In fact, I specifically warned plaintiff's counsel at the September 25 conference that the complaint could be dismissed if he did not produce any new discovery by October 2, 1984. Sept. 25, 1984, Tr. at 14.

At the June 21, 1984 status conference, defendants first moved to dismiss plaintiff's suit because of plaintiff's failure to provide discovery. On September 25, 1984, at a conference personally attended by Mr. Lampert, I ordered that the remaining discovery be produced by October 2, 1984. In the event discovery was not provided, I set a deadline of October 23, 1984 for the filing of defendants' motions to dismiss, with a return date of November 13, 1984. Knowing this schedule, Mr. Lampert still failed to comply with the written order of October 9, 1984 to provide specific items of discovery, failed to meet the October 30, 1984 deadline for filing responding papers to the defendants' motion to dismiss, and walked into the 11:00 o'clock conference on November 13, 1984 at 11:50 with the responding papers that were due on October 30, 1984. Mr. Lampert cannot seriously contend that he was unaware of the court's intention to consider the ultimate sanction of dismissal. Therefore, dismissal is an appropriate remedy because adequate notice and a hearing were provided. See, *Lyell Theatre Corp.*, 682 F.2d at 42, citing *Link*, 370 U.S. at 630–631, 82 S.Ct. at 1388–1389.

As an alternative to dismissal under Fed.R.Civ.P. 37(b)(2)(C), dismissal of this action is also justified under Fed.R. Civ.P. 41(b) for plaintiff's failure to prosecute. Rule 41(b) allows dismissal of an action because of plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or any court order. *Lyell Theatre Corp.*, 682 F.2d at 41–42. In the present case plaintiff has made no good faith effort to make discovery, has failed to respond to defendants' discovery requests, and has failed to comply with direct orders of this court. Defendants, in contrast, have answered the complaint, drafted interrogatories and otherwise complied with discovery in good faith, and have moved to dismiss. Thus, plaintiff's cause of action is also subject to dismissal for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b).

## III. CONCLUSION

Because of the grossly negligent conduct of plaintiff's counsel in failing to provide discovery pursuant to several orders of this court, I respectfully recommend that plaintiff's lawsuit be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C).

A copy of this Report and Recommendation is being mailed today to all parties, who are hereby advised that objections to the report may be served and filed with the district court, with a copy to me, within ten (10) days.