**Asemendez WILLIAMS, Plaintiff,**

v.

**Captain John KANE at Queens House of Detention For Men, et al., Defendants.**

No. 84 CV 0380.

United States District Court, E.D. New York.

July 25, 1985.

Asemendez Williams, plaintiff pro se.

Frederick A.O. Schwarz, Jr., Office of Corp. Counsel (Lori S. Josephs, of counsel), New York City, for defendants.

ORDER

McLAUGHLIN, District Judge.

The attached Report and Recommendation of Hon. Shira A. Scheindlin, United States Magistrate, is hereby adopted as the opinion of this Court. No objections were filed within the time permitted.

The Clerk of the Court is hereby ORDERED to dismiss plaintiff's complaint with prejudice. Fed.R.Civ.P. 37.

SO ORDERED.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

July 10, 1985

SHIRA A. SCHEINDLIN, United States Magistrate.

I. STATEMENT OF FACTS

Plaintiff, Asemendez Williams, is suing defendant corrections officers based upon an incident alleged to have occurred while

plaintiff was an inmate at the New York City Queens House of Detention for Men. Plaintiff, appearing *pro se*, alleges that defendants beat him without provocation during a search of his cell. Plaintiff seeks compensatory damages for both mental and physical injuries sustained as a result of the alleged beating. Defendants have moved, pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order dismissing the complaint for failure to prosecute.

Defendants were first served with the summons and complaint on March 1, 1984. Defendants' Affidavit at 1. Later that year defendants were served with a discovery request which sought production of "all medical reports ... all injury reports, book reports, etc., that deal directly with this case." Defendants' Affidavit at 2. Defendants were ordered to comply with the discovery request on or before February 15, 1985. Defendants' Exhibit C. While defendants made a good faith effort to obtain plaintiff's New York State inmate and medical files they were unable to do so prior to the discovery deadline. Upon motion to this court defendants received an extension of the deadline until April 29, 1985. Defendants' Exhibit I.

Plaintiff was deposed by defendants' counsel during early January 1985. Following the deposition plaintiff was served with a notice to produce relevant documents by February 11, 1985. Defendants' Exhibit G. Plaintiff has failed to produce the requested documents and has not raised any objections to the defendants' notice. In early February 1985 defendants mailed several copies of plaintiff's deposition to the plaintiff with directions to sign, notarize, and return the transcripts. Plaintiff has yet to return any copies of the deposition transcripts. Defendants' Affidavit at 4.

In February 1985, defendants wrote to plaintiff in an effort to learn plaintiff's reasons for failing to comply with their discovery requests. Defendants' Exhibit L. This correspondence was never acknowledged by plaintiff. During this time plaintiff was also served with interrogatories, the responses to which were due on March 11, 1985. Plaintiff has never responded to the interrogatories or requested an extension of time in which to answer.

Because of plaintiff's repeated failure to cooperate with defendants' legitimate discovery requests as well as his failure to reply to any correspondence, defendants filed a motion to compel discovery in accordance with Rule 37 of the Federal Rules of Civil Procedure. The motion was filed on March 13 with a return date of March 27. No response to the motion was ever received.

Following plaintiff's failure to respond to defendants' interrogatories, plaintiff was notified by defendants that continued failure to comply with discovery requests would force defendants to seek an order dismissing plaintiff's case for failure to prosecute. Defendants' Exhibit N. When defendants received no response from plaintiff, defendants filed the instant motion returnable May 2, 1985, to dismiss the complaint for failure to prosecute. Plaintiff, once again, has failed to respond to this motion to dismiss.

## II. DISCUSSION

It is respectfully recommended that plaintiff's action be dismissed with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C) because of plaintiff's failure to comply with the discovery orders of this court.

Fed.R.Civ.P. 37(b)(2)(C) provides that a court may dismiss an action in which a party fails to obey an order to provide discovery. Dismissal with prejudice is to be used only in extreme circumstances because of the harshness of the remedy. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982) (citing *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir.1972)). Sanctions authorized by Fed.R.Civ.P. 37 are to be determined in light of the full record of the case. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641–42, 96

S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam). Here, plaintiff has failed to provide meaningful discovery. With the sole exception of allowing his deposition to be taken, plaintiff has failed to provide any discovery. It appears, however, that even the deposition process remains incomplete, as plaintiff has failed to sign and return copies of his deposition transcript. Defendants' Affidavit at 4. Further, plaintiff has failed to answer defendants' interrogatories and has similarly failed to respond to defendants' notice to produce documents pertaining to the alleged incident.

At the defendants' request, this court ordered the discovery completion deadline extended until April 29, 1985. This extension was necessary in order to allow defendants sufficient time to obtain plaintiff's New York State inmate and medical records. These records were sought by the plaintiff in his discovery request. Plaintiff, though enjoying an extension of the discovery completion deadline, failed to provide any additional discovery. In examining the full record of this case it should also be noted that plaintiff has repeatedly failed to acknowledge correspondence from defendants. Plaintiff has also failed to respond to any of the motions before the court. Since the filing of the complaint in March, 1984 and a discovery request in late 1984, plaintiff has failed to take any action to prepare his case for trial despite the full cooperation of defendants during discovery.

Dismissal with prejudice, pursuant to Fed.R.Civ.P. 37 requires a finding that the party whose suit is dismissed is in some sense at fault. *Penthouse International, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 387 (2d Cir.1981) (citing *National Hockey League,* 427 U.S. at 642–43, 96 S.Ct. at 2780–81). "Fault" need not be limited to "bad faith" and "willfulness" but may also include gross negligence. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1067 (2d Cir.1979).

In the present case, plaintiff is incarcerated at the Wallkill Correctional Facility in Wallkill, New York. There is no doubt that plaintiff received the correspondence sent to him at that facility by defendants. Defendants' counsel has reconfirmed plaintiff's place of incarceration and has submitted affidavits of service as well as proof of delivery by certified mail of all pleadings and correspondence. *See* Defendants' Affidavit at 2; Defendants' letter of July 5, 1985 and Exhibit A [omitted from publication]. Plaintiff's failure to provide the ordered discovery, therefore, is most accurately characterized as resulting from the willful failure to prosecute his case. In any event, plaintiff's failure to provide discovery, to respond to defendants' correspondence, or to respond to motions before this court, certainly amount to gross negligence.

The use of the sanction of dismissal is also justified as a deterent to "those who might be tempted to engage in dilatory conduct in the absence of this penalty." *Urban Electrical Supply and Equipment Corp. v. New York Convention Center Development Corp.,* 105 F.R.D. 92, 97 (E.D.N.Y.1985) (citing *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781). The Law Department of the City of New York has expended considerable time, effort, and expense in the preparation of its defense. Their efforts have encountered the obstacle of plaintiff's failure to provide discovery.

As an alternative to dismissal under Fed. R.Civ.P. 37(b)(2)(C), this action may be dismissed pursuant to Fed.R.Civ.P. 41(b). Rule 41(b) authorizes the dismissal of an action for failure to comply with the Federal Rules of Civil Procedure, failure to comply with any court order, or plaintiff's failure to prosecute an action. Although defendants have not made a Rule 41(b) motion, a court may dismiss an action *sua sponte* without affording a hearing or other notice of its intent to consider dismissal. *Link v. Wabash Railroad Company,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8

L.Ed.2d 734 (1962); *Lyell,* 682 F.2d at 41–42. In *Link* the United States Supreme Court found that

> [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link,* 370 U.S. at 630–31, 82 S.Ct. at 1388–89.

In the present case plaintiff has failed to take any action to prepare his case for trial since the filing of his complaint and a single discovery request. Defendants, in contrast, have complied with discovery in good faith, securing for plaintiff his inmate and medical records from the appropriate agencies. Therefore, plaintiff's action may be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

## III. CONCLUSION

Because of plaintiff's gross negligence in failing to provide discovery as ordered by this court, I respectfully recommend that plaintiff's lawsuit be dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C).

A copy of this Report and Recommendation is being mailed today to all parties, who are hereby advised that objections to the report may be served and filed with the district court, with a copy to me, within ten (10) days.