**68**

Edward R. COSS, Plaintiff,

v.

SULLIVAN CO. JAIL ADMINISTRATOR
(K.P. LaPorte); Sullivan Co. Jail
Medical Dept., Defendants.

Edward R. COSS, Plaintiff,

v.

SULLIVAN COUNTY SHERIFF JOSEPH
WASSER; S.C.J. Medical Dept.; S.C.J.
Administrator K.P. LaPorte, Defendants.

Nos. 92 Civ. 7618 (JES),
92 Civ. 7683 (JES).

United States District Court,
S.D. New York.

Jan. 31, 1997.

Richard J. Haas, Wurtsboro, NY, for Plaintiff.

Gerald Orseck, Orseck Law Offices, Liberty, NY, for Defendants K.P. LaPorte and Joseph Wasser.

Joseph P. Loughlin, DuBois, Billig, Loughlin, Conaty & Weisman, Rock Hill, NY, for Defendant Sullivan County Jail Infirmary; David L. Klein, of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Edward Coss,[1] an incarcerated prisoner, brings the instant actions against defendants Sullivan County Jail Administrator K.P. LaPorte, Sullivan County Jail Medical Department[2], and Sullivan County Sheriff Joseph Wasser (together the "defendants").[3] Pursuant to Federal Rule of Civil Procedure 41(b), the defendants move to dismiss the respective actions for failure to prosecute. For the reasons set forth below, defendants' motions are granted.

### BACKGROUND

On October 20, 1992 and October 21, 1992, Coss commenced the instant actions *pro se*

---

**1.** Coss proceeded *pro se* until May 24, 1996, when Richard Haas, Esq. filed notices of appearance on Coss' behalf and while defendants' motions to dismiss for failure to prosecute were pending.

**2.** Coss incorrectly sued the Sullivan County Jail Infirmary as the "Sullivan County Jail Medical Department" in both actions.

**3.** For the purpose of judicial economy both actions will be addressed in this Memorandum Opinion and Order. All parties, including Coss, have treated the actions as consolidated, although they were never formerly consolidated by the Court.

and was allowed to proceed *in forma pauperis*. On February 8, 1993, individual defendants LaPorte and Wasser moved to transfer both actions to the United States District Courthouse in White Plains, and on February 16, 1993, also moved to dismiss both actions. On February 16, 1993, and February 19, 1993, defendant Sullivan County Jail Infirmary (hereinafter "S.C.J. Infirmary") also moved to transfer both actions to White Plains. By Order dated September 20, 1993, the Court denied all motions to transfer or to dismiss without prejudice to being renewed and directed the parties to complete all discovery on or before December 17, 1993.

From March through November, 1993, defendants served numerous discovery requests upon Coss, including but not limited to, a notice of deposition, interrogatories, medical release requests, and requests for lists of witnesses.[4] Coss failed to appear for his deposition or to respond to any of the defendants' discovery demands. *See* Loughlin Aff. ¶ 6; Affidavit of Gerald Orseck, Esq., dated July 18, 1996 ("Orseck Aff."), ¶ 4 (Sworn Statement in Support of Motion to Dismiss).

Between June, 1993 and May, 1996 seven Pre–Trial Conferences were held.[5] Coss failed to appear at all of the Conferences, although the Court notes that this failure was due to his being incarcerated for some, if not all, of that time.[6]

By Order dated February 9, 1994, Coss was warned that his failure to appear at the next scheduled Pre–Trial Conference would result in the Court entertaining an appropriate application for dismissal.

On June 14, 1994, and June 21, 1994, defendants moved for summary judgment, arguing, *inter alia*, that the complaint failed to demonstrate "deliberate indifference" on the part of the defendants, defendants LaPorte and Wasser were entitled to qualified immunity, and there existed no genuine issues of material fact. By Order dated October 26, 1994, the Court denied defendants' motions for summary judgment because defendants failed to demonstrate an absence of genuine issues of material fact.

By Order dated May 1, 1995, the Court suspensed the action captioned "92 Civ. 7683 (JES)" until April 30, 1996. The Court further warned, in the same Order, that if Coss failed to prosecute the action on or before that date, the Court would entertain an appropriate application to dismiss the action for failure to prosecute. The Order provided that defendants should serve a copy of the Order upon Coss by certified mail at his last known address. Although the Order did not refer to the action captioned "92 Civ. 7618 (JES)" and the actions have not been formally consolidated, all parties have treated the actions as consolidated and both actions were treated as suspensed.

On May 18, 1995, defendants filed an affidavit of service on Coss of the Court's Order dated May 1, 1995. In addition, in a letter to defense Counsel dated February 23, 1996, Coss acknowledged receipt of that Order. *See* Affidavit of Gerald Orseck, Esq. dated

---

4. On March 15, 1993, defendant S.C.J. Infirmary served attached to its Answer a Notice to Take Deposition Upon Oral Examination, with a deposition of Coss scheduled for June 8, 1993, at 10:00 a.m. in the U.S. District Courthouse for the Southern District of New York. On November 4, 1993, defendants LaPorte and Wasser served their discovery demands by mail upon plaintiff, including a Demand for Interrogatories, a Demand for Statements, a Demand for Names and Addresses of Witnesses, a Demand for Experts, and a Demand for Medicals. *See* Affidavit of Michael Davidoff, Esq. dated June 14, 1994 ("Davidoff Aff."), Ex. F (Sworn Statement in Support of Motion for Summary Judgment). On November 16, 1993, defendant S.C.J. Infirmary served upon Coss by mail detailed Demands for Interrogatories, as well as a Notice for Discovery and Inspection for Defendant's Statements Not Reduced to Writing, a Notice for Discovery and Demand for Inspection of Witnesses, a Demand for Statements, a Demand for Medical Certificates, and a Notice of Discovery for Collateral Source Reimbursement. *See* Affidavit of Joseph Loughlin, Esq. dated June 12, 1996 ("Loughlin Aff."), Ex. C. (Sworn Statement in Support of Motion to Dismiss).

5. Pre–Trial Conferences were held on June 16, 1993; February 4, 1994; April 15, 1994; October 21, 1994; January 20, 1995; April 28, 1995; and April 30, 1996.

6. In a letter to Chambers dated January 25, 1993, Coss identified Richard Haas as his attorney in both actions. In a letter to Chambers dated February 24, 1993, Haas denied having been retained by Coss. *See* Orseck Aff. Exh. A.

May 24, 1996 ("Orseck 2 Aff."), Exh. C (Sworn Statement with Notice of Motion for Order of Dismissal for Failure to Prosecute).

On April 30, 1996, at a Pre–Trial Conference, defendants represented that Coss had failed to prosecute either action since the Court's May 1, 1995 Order. By Order dated May 1, 1996, the Court established a briefing schedule for defendants to move to dismiss for failure to prosecute and warned Coss that if he failed to file a response on or before July 12, 1996, the Court would grant defendants' motions.

On May 24, 1996, Richard Haas, Esq. filed notices of appearance on Coss's behalf. On May 28, 1996, and June 13, 1996, defendants moved to dismiss both actions pursuant to Federal Rule of Civil Procedure 41(b), arguing, *inter alia*, that Coss's failure to prosecute the actions had resulted in substantial prejudice to their defense.

By letter dated July 8, 1996, Coss acknowledged that he failed to comply with defendants' discovery requests and indicated that his attorney would appear at the next Pre–Trial Conference. *See* Letter from Edward Coss, Jr. to Hon. John E. Sprizzo of July 8, 1996, at 1. Coss stated that he has "always attempted to prosecute this case [sic] to the best of my ability." *Id.*

On July 12, 1996, a Pre–Trial Conference was held, at which time Haas appeared on Coss's behalf. Neither Haas nor Coss filed a response to defendants' motions. Haas represented to the Court that he did not intend to prosecute the actions and he wished only to dissuade the Court from granting defendants' motions.

By Order dated July 12, 1996, the Court extended Coss's time to file a written response to defendants' motions to dismiss. On July 15, 1996, Haas filed an affidavit with the Court asking, *inter alia*, the Court to "recuse itself, grant counsel leave to withdraw or appoint the Plaintiff new counsel." Affidavit of Richard Haas, Esq. dated July 14, 1996 ("Haas Aff."), ¶ 40 (Sworn Response

to Combined Motions). On July 22, 1996, defendants filed reply affidavits and a memorandum of law in further support of their motions to dismiss for failure to prosecute.

## DISCUSSION

■ Pursuant to Federal Rule of Civil Procedure 41(b), a defendant may move to dismiss an action for a plaintiff's failure to prosecute.[7] Where a plaintiff is acting *pro se*, the Second Circuit has warned district courts to be "especially hesitant" when dismissing a case for "procedural deficiencies." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *See, e.g., Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993); *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 766 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988). Although dismissal is generally considered a "harsh remedy ... appropriate only in extreme situations," *Lucas*, 84 F.3d at 535 (citations omitted), a *pro se* litigant's complaint should be dismissed for failure to prosecute where, as here, the "circumstances are sufficiently extreme." *Id.* Indeed, the United States Supreme Court has recognized the inherent power of a district court to dismiss an action for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734, *reh'g denied*, 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962).

■ The Second Circuit has enumerated the following factors for a district court to consider in dismissing an action under Rule 41(b):

(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court cal-

---

7. Fed.R.Civ.P. 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

endar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (quoting *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir.1983)). No one factor is dispositive. *Nita v. Conn. Dep't. of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994). Applied here, each of the five factors overwhelmingly favors dismissal of both actions.

First, Coss's failure to prosecute both actions has extended from October, 1992, until May, 1996, and continued even after the instant motions were filed. The Second Circuit has found the drastic sanction of dismissal warranted in cases involving significantly less neglect. *See, e.g., Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (six months of inactivity); *Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 1995) (21 months of inactivity); *West v. New York*, 130 F.R.D. 522, 525 (S.D.N.Y.1990) (19 months of inactivity); *Williams v. Kane*, 107 F.R.D. 632 (E.D.N.Y.1985) (one year of inactivity with the exception of a deposition); *Yacub v. Coughlin*, 105 F.R.D. 152, 153 (S.D.N.Y.1985) (21 months of inactivity).

Moreover, Coss has failed to respond to any of the defendants' discovery demands and has never filed a response to any of the defendants' earlier motions, which include motions to transfer, to dismiss, and for summary judgment. Although Coss's recently retained attorney, Richard Haas, did respond on July 15, 1996, with his own affidavit to defendants' motions to dismiss, he did not comply with the explicit Order of the Court, dated May 1, 1996, which required a response to be filed on or before the next Pre-Trial Conference, scheduled to be held on July 12, 1996. Moreover, Haas, who filed his notices of appearance on May 24, 1996, some three weeks after the May 1, 1996 Order was issued, admits in his papers that he was aware of the Order at that time. *See* Haas Aff. ¶ 36.

Haas makes the bewildering argument that he did not believe that he was able to file a *"pro se* response," and that plaintiff's failure to comply with the May 1, 1996 Order should be excused or the blame assigned to him. *Id.* What Mr. Haas has failed to do is to read the May 1st Order, which explicitly warned "that if plaintiff *pro se* fails to file a response to defendants [sic] motion before the next Pre–Trial Conference, the Court will grant defendants' motion." Further, Mr. Haas's response does not cite one case in support of plaintiff's opposition to defendants' motions to dismiss. Clearly, the duration of Coss's failure to prosecute these actions weighs heavily in favor of dismissal.

Second, Coss received ample notice from the Court that further delay in the prosecution of these actions would result in dismissal. By Orders dated February 9, 1994, May 1, 1995, and May 1, 1996, the Court explicitly warned Coss that failure to prosecute would result in the Court entertaining and/or granting defendants' applications for dismissal. Further, defendants' motions to dismiss put Coss on notice that they were seeking dismissal of the actions. *See, e.g., Rodriguez v. Walsh*, 1994 WL 9688, at *2 (S.D.N.Y.1994); *Muhammad v. Neil*, 1994 WL 9687, at *2 (S.D.N.Y.1994). Such consistent and specific notice over a two and one-half year period satisfies the Court that Coss was aware that his inaction would result in dismissal.

Third, defendants have demonstrated that they would be prejudiced by any further delay in the prosecution of these actions. Where, as here, plaintiff has caused unreasonable delay in the prosecution of an action, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982). Four years have passed since these actions were commenced, and defendants have identified seven potential witnesses to the events underlying the actions and other events pertinent to their defense who are no longer employed by Sullivan County or who were prisoners that have since been released: Nurses Cherryl Crawford and Patricia Scennel, Deputy Jack Sattler, Deputy Richard Conklin, Deputy Lance Schneider, and former inmates Carlos Vallofane and Kevin Pri-

mario.[8] *See* Orseck Aff. ¶ 10; Affidavit of David Klein, Esq. dated July 18, 1996 ("Klein Aff."), ¶ 14 (Sworn Reply Affirmation). These witnesses may not be available to testify should these actions come to trial, and the whereabouts of some witnesses are completely unknown to defendants. *See* Orseck Aff. ¶ 10.

Moreover, due to Coss's failure to respond to any of their discovery demands, the defendants have been unable to ascertain the names and addresses of Coss's health care providers after he left the Sullivan County Jail in early 1993. *Id.* at ¶ 12. Nor were defendants able to physically examine Coss. *Id.* at ¶ 13. Since both actions involve alleged personal injury to Coss, it can be reasonably inferred that witnesses to Coss's physical condition at the time of the events and information on his medical history would play a central role in the defense of these actions. Therefore, the Court finds it likely that the defendants would be prejudiced by further delay in these actions. Furthermore, Haas, who appeared on Coss's behalf, represented to the Court at the Pre-Trial Conference on July 12, 1996, that he only filed notices of appearance to prevent the Court from dismissing these actions and did not intend to prosecute the actions. Thus, not only is further delay highly likely, but there is no present indication of when, if ever, these cases will be pursued.

Fourth, the Court must strike a balance between alleviating the congestion of its calendar and protecting Coss's right to due process and his chance to be heard. It is clear from the records of these two actions that the balance tips decidedly in favor of dismissal. Coss had a duty to move these cases along, and he has failed to do so. The Court's repeated denial of defendants' motions to dismiss and for summary judgment and extensions to allow Coss to prosecute these actions evidence the Court's efforts to protect Coss's right to due process. Although the Court recognizes that Mr. Coss is an incarcerated prisoner, appearing *pro se* in these actions for the bulk of the litigation, the Court cannot be held hostage to Coss's prison term. Clearly, Coss's failure to act for over three and one-half years, his failure to appear or arrange for someone to appear at seven Pre-Trial Conferences, and his failure to respond to any of the defendants' discovery demands or various motions before the Court constitute "compelling evidence of an extreme effect on court congestion." *Lucas*, 84 F.3d at 535.

Fifth, there are no lesser sanctions other than dismissal that are suitable. Although Rule 41 fails to provide for any sanction other than dismissal, the Second Circuit has suggested that lesser sanctions may be available. *See Dodson v. Runyon*, 86 F.3d 37, 41 (2d Cir.1996) ("[I]nstead of dismissing the case, the court might have imposed financial penalties on the lawyer, the client, or both."). Further, the Court must also consider whether it will impose sanctions "aimed primarily" against the plaintiff or his attorney. *Id.* at 40. It is "important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." *Id.*

Since Coss proceeded *pro se* in both actions for the bulk of the litigation, it is his acts, or lack thereof, that provide the basis for the Court's finding that he failed to prosecute the actions. It would be quite different if Coss had vigorously prosecuted these actions while acting *pro se*, and then his "eleventh hour" attorney had failed to act. *See*

---

**8.** Nurses Crawford and Scennel provided medical treatment to Coss on a daily basis during that period of time in which the injuries to his knee and nose allegedly occurred. *See* Appendix to Memorandum of Law by Sullivan County Jail Administrator K.P. LaPorte and Sheriff Joseph Wasser dated June 14, 1994, Exh. J. Months after the incident in which Coss allegedly injured his knee, Deputy Sattler witnessed an alleged fight between inmate Carlos Vallofane and Coss, where Coss claimed that Vallofane punched him in the nose. *See* Orseck Aff. ¶ 10(a). Deputy Conklin witnessed an incident in which Coss injured his knee, months after the event that gave rise to one of these actions. *Id.* ¶ 10(c). Deputy Schneider witnessed an incident on October 27, 1992, one month after Coss filed his complaints, where it took five deputies to place Coss into "deadlock" occasioned by Coss' assault of Deputy William Browne. *Id.* ¶ 10(d). Former inmate Kevin Primario witnessed a fall by Coss in December, 1992 in which Coss also claimed to have suffered knee injuries. *Id.* ¶ 10(e).

*id.* at 41. Here, the role of the attorney in failing to prosecute these actions was minimal at best. Therefore, Haas's acts do not warrant the imposition of sanctions directly upon him. Moreover, since the Court has decided to impose sanctions directly upon Coss, and since Coss has proceeded *in forma pauperis* and *pro se,* the Court does not find the imposition of monetary sanctions to be an adequate penalty. The Court concludes, therefore, that in light of the other four factors discussed above, the only appropriate remedy in these actions is to dismiss them with prejudice.

### CONCLUSION

For all of the above reasons, defendants' motions are granted and the above-captioned actions are dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned actions.

It is **SO ORDERED.**