**Thomas W. SHAW, Plaintiff-Appellant,**

v.

**W. J. ESTELLE, Jr., and R. M. Cousins, Defendants-Appellees.**

No. 76–3205

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1976.

Thomas W. Shaw, pro se.

John L. Hill, Atty. Gen., Houston, Tex., Richel Rivers, Asst. Atty. Gen., David M.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Cas. Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Kendall, Jr., First Asst. Atty. Gen., Joe B. Dibrell, Jr., Asst. Atty. Gen., Chief, Enforce. Div., Austin, Tex., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

■ Shaw, a Texas prisoner, appeals from the dismissal of his civil rights complaint regarding prison disciplinary procedures. While the suit was pending below, Shaw escaped from custody. Three months and two hearing dates later, the district court dismissed this action without prejudice under Fed.R.Civ.P. 41(b) for failure to prosecute. The court subsequently affirmed that order, denying reinstatement of the action after appellant's recapture. Both orders lay within the discretion granted the district judge by the rule.

■ The court conscientiously avoided erecting an absolute bar to Shaw's ability to complain of any past procedural abuses in prison discipline. It certainly need do no more when faced with a fugitive plaintiff. Had Shaw escaped while appealing to this court, he would have been subject to unconditional dismissal, at least unless his surrender followed within a reasonable time, usually thirty days. *See Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Broadway v. City of Montgomery,* 530 F.2d 657 (5th Cir. 1976); *United States v. Shelton,* 508 F.2d 797 (5th Cir. 1975).

Because the district court's orders were well within the discretion accorded by Rule 41(b) and recent jurisprudence regarding the procedural rights of fugitives, they are

AFFIRMED.