. Alec **DOROWITCH**

v.

**Warden S. GRZEGOREK et al.**

**Civ. A. No. 79–0167–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 13, 1979.

Alec Dorowitch, pro se.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Alec Dorowitch, proceeding *pro se*, brings this action *in forma pauperis* to redress an alleged violation of his constitutional rights against certain wardens of the Federal Correctional Institution, Petersburg, Virginia. Jurisdiction of this Court is granted under 28 U.S.C. § 1331.

Plaintiff claims defendants are responsible for inadequate supervision of the prison and that as a result plaintiff was seriously injured by his fellow inmates. Defendants have filed a motion to dismiss. An affidavit in support of this motion reveals that two months after this suit was filed plaintiff escaped from federal custody.

In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) the Supreme Court declined to adjudicate a defendant's appeal of a state court conviction holding defendant's escape from custody "disentitles [him] to call upon the resources of the Court for determination of his claims." *Id.* at 366, 90 S.Ct. at 499.

The same rationale has been applied where a prisoner has escaped from custody after filing a § 1983 suit against State prison officials. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976). Additionally, the Fourth Circuit has applied this rule where a serviceman has deserted his post while his petition for discharge as a conscientious ob-

jector is pending. *Hichcock v. Laird*, 456 F.2d 1064 (4th Cir. 1972).

In light of these decisions this Court finds that where a prisoner filing an action against federal prison officials alleging violations of his rights under the Constitution has escaped from custody, the Court may dismiss the action.