682 F.2d 37
 1982-2 Trade Cases 64,767
 LYELL THEATRE CORPORATION and Martina Theatre Corporation, Plaintiffs,
Lyell Theatre Corporation, Plaintiff-Appellant,
v.
LOEWS CORPORATION, Loews Doe Corporation, JoMor Enterprises,
Inc., John R. Martina, Morris P. Slotnick, Columbia Pictures
Industries, Inc., United Artists Corporation, Transamerica
Corporation, Paramount Pictures Corporation, Paramount Film
Distributing Corporation, Gulf and Western Industries, Inc.,
Metro-Goldwyn-Mayer, Inc., National General Pictures
Corporation, National General Corporation, Cinerama
Releasing Corporation and Cinerama, Inc., Defendants,
Loews Corporation, Loews Doe Corporation, JoMor Enterprises,
Inc., John R. Martina, Morris P. Slotnick, Columbia Pictures
Industries, Inc., United Artists Corporation, Paramount
Pictures Corporation, Paramount Film Distributing
Corporation, Metro-Goldwyn-Mayer, Inc., National General
Pictures Corporation, Cinerama Releasing Corporation and
Cinerama Releasing Corporation and Cinerama, Inc.,
Defendants-Appellees.
 No. 728, Docket 81-7740.
 United States Court of Appeals,
Second Circuit.
 Argued March 11, 1982.
Decided May 28, 1982.
 
 Martin J. O'Donnell, Boston, Mass. (Cesari & McKenna, Boston, Mass., of counsel), for plaintiff-appellant.
 Beryl Nusbaum, Rochester, N. Y. (Woods, Oviatt, Gilman, Sturman & Clarke, Donald W. O'Brien, Jr., Rochester, N. Y., of counsel), for defendants-appellees Loews Corp. and Loews Doe Corp.
 James C. Gocker, Rochester, N. Y. (Harris, Beach, Wilcox, Rubin & Levey, Richard L. Smith, Rochester, N. Y., of counsel), for defendants-appellees JoMor Enterprises, Inc., John R. Martina and Morris P. Slotnick.
 Frank Raichle, Buffalo, N. Y. (Raichle, Banning, Weiss & Halpern, Buffalo, N. Y., of counsel), for defendants-appellees Columbia Pictures Industries, Inc., United Artists Corp., Paramount Pictures Corp., Paramount Film Distributing Corp. and Metro-Goldwyn-Mayer, Inc.
 Henry W. Killeen, III, Buffalo, N. Y. (Jaeckle, Fleischmann & Mugel, Buffalo, N. Y., of counsel), for defendants-appellees Nat. General Pictures Corp., Cinerama Releasing Corp. and Cinerama, Inc.
 Before TIMBERS, NEWMAN and CARDAMONE, Circuit Judges.
 CARDAMONE, Circuit Judge:
 
 
 1
 After ten years of broken promises, inactivity and delay, the district court dismissed plaintiffs' complaint for failure to prosecute. We affirm, D.C., 91 F.R.D. 97, and write to make known our view on the appropriateness of the extreme sanction of dismissal.
 
 
 2
 Plaintiffs Lyell Theatre Corporation and Martina Theatre Corporation (Lyell Theatres) were motion picture exhibitors. At the time this action was instituted these corporations conducted business in Rochester, New York under the control and management of Charles Martina and his son Vincent. The defendants are either film distributors or film exhibitors who were in competition with the plaintiffs. The exhibitor defendants are: Loews Corporation and its Rochester operating subsidiary Loews Doe Corporation; Jo-Mor Enterprises, Inc.; and Jo-Mor's joint owners and managers, John R. Martina and Morris P. Slotnick. The distributor defendants are nationally known companies and include: Columbia Pictures Industries, Inc.; Transamerica Corporation and its wholly-owned subsidiary United Artists Corporation; Paramount Pictures Corporation, Paramount Film Distributing Corporation, and their parent company Gulf & Western Industries, Inc.; National General Pictures Corporation and its parent National General Corporation; Cinerama, Inc. and its wholly-owned subsidiary Cinerama Releasing Corporation; and Metro-Goldwyn-Mayer, Inc. During the course of the action the parties agreed to dismiss all claims against National General Corporation, Transamerica Corporation, and Gulf & Western Industries, Inc.; the remaining defendants are the appellees.
 
 
 3
 * This action was commenced on December 16, 1971 when plaintiffs filed a complaint which charged the defendants with violating antitrust laws by conspiring to restrain and monopolize trade in the distribution of motion pictures in the Rochester area. In particular, the complaint alleged that the distributors discriminated against plaintiffs by refusing to lease them films until after the exhibitor defendants had rejected the pictures and by charging these competitors lower film rental fees.
 
 
 4
 It is fair to conclude from the record that during 1972 and 1973 plaintiffs progressed their suit, as is their obligation, in an expeditious and timely fashion. After 1973, however, whatever initiative had previously been shown evaporated. Inaction and lethargy became the rule as this case meandered slowly downhill to its eventual demise. Other than the substitution of new counsel for plaintiffs on February 25, nothing was done in the year 1974. Plaintiffs' new counsel, Lavin, moved successfully on January 15, 1975 to file a supplemental complaint extending the period of defendants' alleged antitrust activities to June 1974 and increasing damages. In March 1975 plaintiffs served supplemental interrogatories on defendants.
 
 
 5
 For over two years there was no activity; plaintiffs did nothing to move this case during the last nine months of 1975, the entire year of 1976, and the first six months of 1977. Some action finally occurred only because a district judge fortuitously happened upon this now dormant Rochester suit while reviewing the status of a companion case pending in Buffalo, New York. As a result of his discovery, Judge Curtin noticed a meeting of all the lawyers for June 29, 1977. Lavin responded that he no longer represented plaintiffs. When the meeting convened no one appeared for Lyell Theatres. In early July Judge Curtin issued an order directing that plaintiffs obtain substitute counsel and file appropriate motions by September 16 or risk dismissal for failure to prosecute.
 
 
 6
 Plaintiffs' new counsel, O'Donnell and Sellers, appeared but did not file appropriate motions. A conference was held on September 30 at which time O'Donnell promised to submit an outline of his proposed course of action and to notice depositions of defendants. When he failed to live up to these commitments, defendants moved in November to dismiss the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). The motion was denied and the matter referred to Magistrate Edmund F. Maxwell who directed that discovery be substantially completed by April 4, 1978.
 
 
 7
 In answer to interrogatories served upon them in December 1977 plaintiffs filed responses in March 1978. Defendants objected to these answers, deeming them inadequate. Various deadlines were set from April 1978 through August 1979 for supplemental responses to the interrogatories which were either not met or met with inadequate answers.
 
 
 8
 During this period the deposition of Vincent Martina began. Defendants sought computations he had made to substantiate the charges in the complaint. When he refused to supply them because of a claim of privilege, a dispute arose as to whether the 50-odd boxes of records he had made available to defendants were intelligibly arranged so as to permit an appropriate deposition of Martina.
 
 
 9
 Plaintiffs' counsel O'Donnell then offered to prepare summary sheets which would capsulize the factual basis for plaintiffs' claims. As a result of this representation the Magistrate moved the deadline for discovery ahead from August to October 15, 1979 and then, later to the end of November. Despite repeated promises that the summaries would be completed and the postponement of the discovery deadline to March 31, 1980, no summaries were received until February 1980; even then they were not complete as to all defendants. This occurred even though the information to be summarized was supposedly readily retrievable, substantially the same as that previously compiled by Martina, and the very essence of plaintiffs' proof in this now eight year old lawsuit. On plaintiffs' failure to observe its commitment regarding the summaries, the action stalled and-like a needle on a broken record-never really progressed. Thus, the denouement of this litigation was set.
 
 
 10
 The deposition of Martina was once again adjourned for him to go on vacation. A new date of March 24 was scheduled with O'Donnell's assurance that the summaries would be provided one week in advance. When this promise was not honored, defendants moved to dismiss pursuant to Fed.R.Civ.P. 37.
 
 
 11
 On the return date of the motion only some of the promised summaries were furnished. Defendants pressed their motion and the Magistrate determined that plaintiffs were primarily responsible for the delay. Later, Judge Curtin reviewed the entire case from the inception of the lawsuit and granted defendant's motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. An order of dismissal was entered on August 4, 1981.
 
 
 12
 Plaintiffs filed a motion for reconsideration on August 13. After hearing Martina, an attorney, argue on his own behalf that the dismissal was unwarranted, Judge Curtin denied reconsideration on September 29. He noted that the excuses asserted by Martina at oral argument were not reflected in the record or raised at any time prior to dismissal and that there was no explanation for failure to notify the court of these potentially mitigating factors. He concluded that "(p)laintiffs have not demonstrated any grounds which would entitle them to relief from my order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." Only Lyell Theatre Corporation and not Martina Theatre Corporation filed a Notice of Appeal on October 9, 1981 "from the Order dismissing this action entered in this action on the 29th day of September, 1981."
 
 II
 
 13
 We turn first to appellees' argument that this appeal should be dismissed because the notice of appeal was not timely filed. Subdivision (1) of Rule 4(a) of the Federal Rules of Appellate Procedure provides that the notice of appeal in a civil case where appeal is taken as of right shall be filed within 30 days after entry of the judgment or order appealed from. However, subdivision (4) provides that where a timely motion is made to alter or amend a judgment under Rules 52(b) or 59 of the Federal Rules of Civil Procedure, the time for appeal shall run from the entry of the order granting or denying the motion. Rules 52(b) and 59 specify that such motions must be made within ten days after entry of judgment.
 
 
 14
 Appellees argue that appellant's motion for reconsideration was made pursuant to Fed.R.Civ.P. 60(b) rather than Rules 52 or 59. Rule 60(b) allows the court, on motion of a party, to relieve that party from a judgment or order for certain specified reasons, including "excusable neglect (,) ... newly discovered evidence ... (or) any other reason justifying relief ...." Appellees contend that since a Rule 60 motion does not extend the time for appeal, appeal of the August 4 order of dismissal should have been taken by September 3. Because the notice of appeal was not filed until October 9 and stated that it was an appeal from the September 29 order, appellees claim this could only be an appeal from the denial of the motion for reconsideration and not an appeal from the order of dismissal. Even though no particular rule was cited in plaintiffs' motion papers, appellees contend that the motion for reconsideration was made pursuant to Rule 60(b) because: plaintiffs did not refer to Rule 59 in their papers; appellees treated the application as a Rule 60(b) motion in their opposition papers without comment from plaintiffs; plaintiffs argued excusable neglect, a Rule 60 basis; and Judge Curtin referred to Rule 60(b) in his denial of reconsideration.
 
 
 15
 There is strong support, however, for treating plaintiffs' motion for reconsideration as one based on Rule 59. In Woodham v. American Cystoscope Company of Pelham, N. Y., 335 F.2d 551, 555 (5th Cir. 1964), the Fifth Circuit noted that: "Rule 59(e) deals with motions for a new trial and to alter judgments. Even before the rule was amended in 1946 by the addition of subsection (e), courts treated subsection (a)(2) as broad enough to include motions for reconsideration of orders finally disposing of actions before trial." We have held that a timely motion to reconsider an order dismissing a complaint saves the order of dismissal for review, if an appeal is taken within 30 days of denial of reconsideration. Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2d Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967); accord Gainey v. Brotherhood of Railway and Steamship Clerks, 303 F.2d 716, 718 (3d Cir. 1962). Notwithstanding a plaintiff's own reliance on Rule 60(b), where a post-judgment motion is timely filed and "calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). A review of the motion papers and the argument before the district court reveal that plaintiffs' motion for reconsideration clearly called into question the correctness of the dismissal. Indeed, that was the principal thrust of Charles Martina's plea. He did not argue newly discovered evidence. To the extent that he argued excusable neglect, he did so only in an attempt to explain that his negligence was not so great as to warrant dismissal.
 
 
 16
 The Supreme Court in Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), characterized an undesignated motion as one for reconsideration, under Rules 52(b) and 59, because that was the essence of the relief requested. Quoting from Department of Banking v. Pink, 317 U.S. 264, 266, 63 S.Ct. 233, 234, 87 L.Ed. 254 (1942), the Court held that: " 'A timely petition for rehearing tolls the running of the (appeal) period because it operates to suspend the finality of the ... court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.' " Browder, 434 U.S. at 267, 98 S.Ct. at 562. Appellant insisted on this appeal that regardless of how its motion was styled, it was a 59(e) motion to alter or amend the judgment which dismissed the action before trial. We treat it as such because the motion papers before the district court lend support to the argument and because nomenclature should not be exalted over substance.
 
 
 17
 Our decision in Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53 (2d Cir.), cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976), is distinguishable. There we held that treating a motion called a Rule 60(b) motion as a motion under Rule 59(e) is discretionary and under the circumstances of that case was not appropriate. Id. at 56 no. 4. In Daily Mirror the plaintiff's "timely" motion papers, filed within ten days of dismissal, were not timely because they were incomplete and not supplemented until after the ten day period had expired. Moreover, plaintiff insisted at oral argument that its motion was a 60(b) motion, and failed to mention the original judgment of dismissal in its notice of appeal. Appellant here, however, filed timely, insisted that its motion was not a 60(b) motion, clearly stated in the notice of appeal that it was appealing the order of dismissal and never claimed to be appealing the order denying reconsideration. According plaintiff's motion Rule 59(e) treatment is therefore warranted in this case, and the motion to dismiss the appeal is therefore denied.
 
 III
 
 18
 With respect to the merits, we first consider the argument raised on this appeal that Judge Curtin improperly relied upon Rule 41(b) in dismissing the complaint and that dismissal was not warranted under Rule 37. Rule 37 of the Federal Rules of Civil Procedure permits dismissal of an action for failure to comply with a court order to provide or permit discovery. Rule 41(b) states that a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or any court order. Appellant claims that appellees only relied on Rule 37 in their motion to dismiss and did not give notice of their intention to invoke Rule 41(b). It contends that the court may not employ Rule 41(b) sua sponte because the language of that Rule does not so provide. It asserts further that by not affording it notice and a hearing relative to Rule 41 it was denied due process. Finally, it urges that the district court should only have considered dismissal under Rule 37 and that, inasmuch as appellant failed to comply with an informal agreement among counsel (to provide summaries) and not with a court order, dismissal was improper under Rule 37. See, e.g., Israel Aircraft Industries, Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977).
 
 
 19
 Controlling case law belies appellant's claim. The Supreme Court in Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), noted that "(t)he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." It further stated that:
 
 
 20
 Neither the permissive language of the Rule (41(b))-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
 
 
 21
 Id. at 630-31, 82 S.Ct. at 1388-89 (footnote omitted). The Court continued by observing that the absence of notice or failure to hold a hearing does not necessarily render a dismissal void; the adequacy of notice and a hearing turn on a party's knowledge of the consequences of his own conduct. Id. at 632, 82 S.Ct. at 1389. It concluded by stating that a district court may dismiss under Rule 41(b) when circumstances make such action appropriate, without affording either notice of a hearing before it acts. Id. at 633, 82 S.Ct. at 1390.
 
 
 22
 Appellant cannot seriously contend that it was unaware of the court's intention to consider the ultimate sanction of dismissal. It was warned in July 1977 that dismissal was possible, and a motion to dismiss for failure to prosecute under Rule 41(b) was made in September 1977. It was warned again in May and November 1979. And, finally, defendants moved under Rule 37 for dismissal in March 1980. Numerous requests for adjournments postponing deadlines by which discovery was to be complete were granted appellant. It had a hearing on both motions to dismiss. The circumstances reveal that appellant certainly knew what the consequences would be for its failure to cooperate in completing discovery. We find therefore no deprivation of appellant's right to due process.
 
 IV
 
 23
 We turn now to the appropriateness of applying the dismissal sanction in this instance. We have acknowledged that dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations." Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972). Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.
 
 
 24
 Failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers. Such conduct may warrant dismissal after merely a matter of months, Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976), or may stretch out over a period of years, Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). When imposed, the sanction of dismissal "operates as an adjudication upon the merits," but may be without prejudice if so specified by the court imposing it. Fed.R.Civ.P. 41(b).
 
 
 25
 The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently. Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956). Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases. Prejudice to defendants resulting from unreasonable delay may be presumed, Citizens Utilities Co. v. American Telephone and Telegraph Co., 595 F.2d 1171, 1174 (9th Cir.), cert. denied, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979), but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater, see Messenger, 231 F.2d at 331.
 
 
 26
 The scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion. Link, 370 U.S. at 633, 82 S.Ct. at 1390. Sanctions must be determined in light of the full record in the case. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976). Because of the deterrence principle involved in dismissal for failure to prosecute, a "plaintiff's hopelessly belated compliance should not be accorded great weight." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979).
 
 
 27
 Thus, considering the commitments not honored, delinquent inactivity, adjournments and delay over the seven year span during which this conduct persisted, we have no hesitation in affirming this dismissal. We have affirmed dismissals in cases far less egregious than this. E.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir. 1980); Cine Forty-Second Street Theatre Corp., supra; Ali v. A. & G. Co., 542 F.2d 595 (2d Cir. 1976); and Theilmann, supra. Reversals of dismissals in cases relied upon by appellant are distinguishable. Saylor v. Bastedo, 623 F.2d 230 (2d Cir. 1980); (court and defendants shared blame equally with plaintiff); Schenck v. Bear, Stearns & Co., 583 F.2d 58, 59 (2d Cir. 1978) (no request for dismissal had been made and no judicial participation indicating that a dismissal might be in the offing.)
 
 
 28
 Further, appellant urges that sanctions under Rule 37 may not be applied because summaries it promised but failed to deliver were subject only to an informal agreement among counsel and not to a court order. Such an argument focuses only on recent events and not on this litigation's long history which reveals several failures to obey court orders. For example, a court order of April 18, 1978 imposing a May 15, 1978 deadline to supplement interrogatories was not complied with until November 8, 1978. The Magistrate's prescribed deadlines, set by orders of June 12, 1979 and January 31, 1980, were not met. These and other violations were fully set forth in the opinion of the district court. These delinquencies may well have provided sufficient basis for imposition of the extreme sanction of dismissal under Fed.R.Civ.P. 37. See, e.g., National Hockey League, 427 U.S. at 643, 96 S.Ct. at 2781; Cine Forty-Second Street Theatre Corp., 602 F.2d at 1068. In view of our affirmance of dismissal under Rule 41(b) we need not, in any event, reach or decide the same issue under Rule 37.
 
 
 29
 Accordingly, appellees' motion to dismiss the appeal is denied, and the order of the district court dismissing the complaint for failure to prosecute is affirmed.