In re T. John FOLKS, III, Debtor.

**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of Union Savings Bank, Plaintiff–Appellant,**

v.

**T. John FOLKS, III, Defendant–Appellee.**

No. CV 96–4934(LDW).

United States District Court,
E.D. New York.

July 23, 1997.

Pinks, Brooks & Arbeit by Robert S. Arbeit, Hauppauge, NY, for Debtor–Appellee.

Nixon, Hargrave, Devans & Doyle, LLP by D. Bruce Kratz and Jonathan I. Friedman, New York City, for the Federal Deposit Insurance Corporation as Receiver of Union Savings Bank.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Appellant, the Federal Deposit Insurance Corporation as Receiver of Union Savings Bank ("FDIC"), appeals from an order of the United States Bankruptcy Court for the Eastern District of New York (Conrad, J.) dated September 25, 1996 (the "Order"). The Order dismissed the FDIC's adversary complaint against Debtor–Appellee T. John Folks, III ("Folks") seeking exception from discharge for the FDIC's claim pursuant to 11 U.S.C. § 523.

### Background

The FDIC commenced this action by filing a complaint on January 31, 1994 in the United States Bankruptcy Court for the Eastern District of New York (Hall, J.). On or about March 17, 1994 Folks answered the complaint, generally denying its allegations. For the next nine months the case lay effectively dormant. In late 1994, the FDIC retained its present counsel and in January 1995 filed a motion to amend their complaint which was denied by Judge Hall.

In August 1995 the FDIC moved by Order to Show Cause for relief from the automatic stay to permit prosecution of a New York state court action pending against Folks, and other directors of the bank, based on facts similar to those alleged in the adversary proceeding. Judge Hall denied this motion as well.

On December 14, 1995, the FDIC failed to appear at a scheduled pre-trial conference before Judge Hall. As a result, Judge Hall was prepared to dismiss the case and asked Defendant's counsel to settle an order to that effect. However, the parties later stipulated to reinstate the action.

On April 9, 1996 during an appearance before Judge Hall, after obtaining agreement from the parties the Bankruptcy Court scheduled a September 5, 1996 conference.

On May 23, 1996 the case was reassigned to visiting Bankruptcy Judge Conrad of the United States Bankruptcy Court for the District of Vermont, due to Judge Hall's retirement. On that same date, Judge Conrad issued a preliminary pre-trial order with instructions to both parties, apparently setting a discovery deadline for October 29, 1996. In addition, this order fixed July 9, 1996 for another pre-trial conference, at which both parties appeared.

On September 5, 1996 the FDIC failed to appear before Judge Conrad for the conference originally scheduled by Judge Hall. Based upon the fact that the FDIC already had failed to make an earlier appearance, and upon the fact that the case was on the docket for a considerable length of time, Judge Conrad dismissed the case with prejudice. The FDIC contends that it was working diligently toward the discovery deadline of October 29 set by Judge Conrad when the case was dismissed, and that Judge Conrad's dismissal was unduly harsh.

### Discussion

Involuntary dismissal for a plaintiff's failure to prosecute is a matter committed to the sound discretion of the trial court by Rule 41(b) of the Federal Rules of Civil Procedure. *Colon v. Mack*, 56 F.3d 5 (2d Cir.1995). However, "dismissal is a 'harsh remedy to be utilized only in extreme situations.'" *Id.* at 7, *Minnette v. Time Warner*, 997 F.2d 1023 (2d Cir.1993). "When reviewing a ... court's order to dismiss an action under Rule 41(b) for failure to comply with a court order we 'assess the dismissal in light of the record as a whole and consider the following factors: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court congestion and protecting a party's right to due process and a fair chance to be heard

... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Jackson v. City of New York*, 22 F.3d 71 (2d Cir.1994). Although all five factors are used as guidelines, "[g]enerally no one factor is dispositive." *Nita v. Connecticut Dept. of Env. Protection*, 16 F.3d 482 (2d Cir.1994). Sanctions must be determined in light of the full record in the case. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37 (1982). Because Judge Conrad did not consider the efficacy of lesser sanctions, the plaintiff did not receive notice that further delays would result in dismissal, and the defendant is not likely to be prejudiced by further delay, it was an abuse of discretion to dismiss this case.

The record reveals two failures to appear by Plaintiff, one the result of a scheduling error and the other the result of confusion over the reassignment of the case from Judge Hall to Judge Conrad. Plaintiff contends the second failure resulted from their belief that Judge Conrad had issued a new set of pre-trial instructions which superseded Judge Hall's instructions. Plaintiff's actions were not so egregious such that they should be made to suffer the severe consequences of dismissal. Judge Conrad held a July 9, 1996 conference which both parties attended, attesting to Plaintiff's intention to proceed with the action. There is no evidence to suggest that anything other than an inadvertent mistake resulting from the reassignment of the case caused Plaintiff's second failure to appear. Plaintiff was otherwise diligently prosecuting his case and was preparing to meet the October 29, 1996 discovery deadline set by Judge Conrad when the case was dismissed.

Second, the record does not contain evidence of any notice from the court to Plaintiff that the case was on the brink of dismissal if Plaintiff failed to appear at the September conference. The lack of notice weighs in favor of reversal.

Third, although prejudice to defendants resulting from unreasonable delay may be presumed, in cases where delay is more moderate or excusable the need to show actual prejudice is proportionally greater. *Lyell Theatre v. Loews Corp.*, 682 F.2d 37 (2d

Cir.1982), *Peart v. City of New York,* 992 F.2d 458 (2d Cir.1993). Although the case was two and a half years old at the time of dismissal, present counsel had been retained for less than a year and was apparently working diligently toward the discovery deadline of October 29, 1996 set by Judge Conrad. The record also indicates that from the inception of this case through Judge Conrad's order of September 5, 1996, the FDIC actively pursued this case. They pursued discovery and set forth two motions. The FDIC appeared at the two conferences between the first missed appearance in December and the second in September. Due to the fact that the delay in this case was relatively minor, and that Plaintiff was otherwise actively pursuing its claim, Defendant's burden to show actual prejudice resulting from further delays is proportionally greater. Had the case not been dismissed, discovery would have been completed in less than two months. Any prejudice to Defendant created by the FDIC's delays would be very minor. Consideration of this factor also weighs in favor of reversal.

Finally, there is no evidence that Judge Conrad had previously sanctioned either party and there is no indication that the judge considered lesser sanctions. Judge Conrad could have sanctioned Plaintiff's counsel without dismissing the case entirely, or he could have ordered Plaintiff's counsel off the case, thereby accomplishing the goal of sanctioning the offending party without unfairly penalizing the Plaintiff. Consideration of this factor weighs heavily in favor of reversal.

The totality of circumstances leads this Court to conclude that Judge Conrad abused his discretion by dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the foregoing reasons, the order of the bankruptcy court dismissing Folks' complaint for failure to prosecute is vacated, and the case is remanded to the Bankruptcy Court for proceedings not consistent with this opinion.

**SO ORDERED.**