**Tony HARRIS, also known as John Doe, Plaintiff–Appellant,**

v.

**SCADIERO, Warden, Grant, Warden, Kerik, Acting Commissioner, Bowden, Captain, Smith, Captain, 137, the City of New York Defendants–Appellees.**

**No. 02–0225.**

United States Court of Appeals, Second Circuit.

April 13, 2004.

Tony Harris, East Elmhurst, NY, for Appellant, pro se.

Grace Goodman, (Michael A. Cardozo, Corporation Counsel of the City of New York, Larry A. Sonnenshein, on the brief), New York, NY, for Appellees, of counsel.

Present: WALKER, Chief Judge, VAN GRAAFEILAND, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be and it hereby is **VACATED** and **REMANDED** in part and **AFFIRMED** in part.

Plaintiff-appellant Tony Harris appeals *pro se* from an October 31, 2002 order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *District Judge*) denying Harris's motion for reconsideration of the court's order dismissing Harris's complaint for failure to prosecute. The court denied Harris's motion on the grounds that: (a) Harris was "repeatedly advised ... that his failure to keep the court advised of his current address could result in the dismissal of his claims"; and (b) this failure was "exacerbated by the fact that [Harris] ha[d] used over thirty different aliases which ma[de] locating him particularly difficult." The analysis that follows assumes familiarity with the facts.

We apply a five-part balancing test to determine whether a district court abused its discretion by dismissing a case for failure to prosecute. *Shannon v. General Elec. Co.,* 186 F.3d 186, 193–94 (2d Cir. 1999). However, deference is due to a district court's decision to dismiss a *pro se* litigant's complaint for failure to prosecute only when the circumstances are sufficient-

ly extreme. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996).

Weighing the *Shannon* factors, we conclude that the district court's dismissal for failure to prosecute was an abuse of discretion. First, although the district court ordered Harris to respond to appellees' March 1, 2002 motion pursuant to Fed. R.Civ.P. 12(b)(6) and warned him that failure to respond by April 15, 2002 would result in dismissal, the length of his delay did not exceed 34 days. *Cf. Shannon,* 186 F.3d at 194 (dismissing delay of two years). Second, there is no evidence that the 34–day delay actually prejudiced defendants. A presumption of prejudice is appropriate where the plaintiff's delay was prolonged, *see id.* at 195, but, "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.* (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982)). Moreover, defendants themselves requested (and were granted) a four-month enlargement of time to respond to Harris's complaint. Finally, it is unclear whether the district court (a) balanced calendar congestion with Harris's right to be heard, *see Shannon,* 186 F.3d at 194, or (b) considered lesser sanctions. *See id.* Although the district court reopened the case after its June 18, 2002 dismissal, it evidently failed to consider that Harris had promptly notified the court of address changes after May 2002 or that he promptly responded to the court's requests in July and September of 2002.

Appellees contend that we nonetheless should affirm the dismissal on the ground that Harris failed to state a claim upon which relief could be granted. *See* Fed. R.Civ.P. 12(b)(6). As to defendant-appellees Kerik and Scadiero, we disagree. Harris has stated a claim against Kerik and Scadiero for excessive force. However, we affirm the district court's dismissal as against defendant-appellants Bowden, Grant and the City of New York for failure to state a claim.

Accordingly, for the foregoing reasons, the appeal is hereby **VACATED** and **REMANDED** in part and **AFFIRMED** in part.