**Thomas Lee COATS, Plaintiff–Appellant,**

v.

**DEPARTMENT OF VETERAN AFFAIRS, Buffalo Regional Office, Defendant–Appellee.**

No. 07–1010–cv.

United States Court of Appeals, Second Circuit.

March 11, 2008.

**126**

Thomas Lee Coats, pro se, Buffalo, NY, for Appellant.

Lynn S. Edelman, Assistant United States Attorney for the Western District of New York, for Terrance P. Flynn, United States Attorney, Buffalo, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Appellant Thomas Lee Coats appeals from a March 2, 2007 order of the United States District Court for the Western Dis-

trict of New York (Schroeder, J.) dismissing his complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order and failure to prosecute. On September 30, 2005, the district court dismissed Coats's complaint for failure to name the proper defendant without prejudice to allow Coats to amend his complaint within 60 days of the order and to allege "facts demonstrating that his July, [sic] 2001 claim was timely exhausted and timely commenced." We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

A district court may dismiss a plaintiff's complaint for "fail[ure] to prosecute or to comply with [the Rules] or a court order." Fed.R.Civ.P. 41(b). This Court reviews a district court's Rule 41(b) dismissal for abuse of discretion. *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998). However, because *pro se* litigants are granted "special leniency regarding procedural matters," a district court's Rule 41(b) dismissal of a *pro se* litigant's complaint is only appropriate "when the circumstances are sufficiently extreme." *Le Sane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (internal quotation marks and citations omitted). In determining whether a district court abused its discretion by dismissing a complaint for failure to prosecute, this Court considers whether: (1) the plaintiff's failure to prosecute caused a delay of "significant duration"; (2) the plaintiff was on notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the district court's interest in managing its docket "was carefully balanced" with

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

the plaintiff's interest in receiving a fair chance to be heard; and (5) the district court adequately considered a less drastic sanction than dismissal. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). "Although a district court is not required to discuss each of the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Martens v. Thomann,* 273 F.3d 159, 180 (2d Cir.2001) (internal quotation marks and citations omitted).

In this case, although Coats failed to file an amended complaint within seventeen months of the district court's September 2005 order (far exceeding the 60–day window granted by the court), after considering all of the factors, we find that the court abused its discretion in dismissing his complaint.

The first factor weighs in favor of dismissal because this Court has found delays in prosecuting of only six or seven months to be significant. *See, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666–68 (2d Cir.1980). We have also held, however, that no single factor is determinative, and even a delay of seventeen months can be trumped by consideration of the other factors. *See Drake,* 375 F.3d at 251, 255. Similarly, the third factor weighs in favor of dismissal because when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed. *See Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir.1982).

However, the second, fourth, and fifth factors all weigh strongly in favor of finding the district court's dismissal of Coats' complaint to be an abuse of discretion. This Court has required, in the context of Rule 41(b) dismissal, that a district court's notice to a *pro se* litigant be more specific than that which would be provided to coun-

sel. *See Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996). The district court's order requiring Coats to amend his complaint did not indicate that, if he failed to do so, it would dismiss his complaint with prejudice. There is also no evidence that the district court attempted to contact Coats to warn him that it was considering dismissing his complaint. Generally, this Court requires "compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Id.* at 535–36. The district court identified no evidence demonstrating an "extreme effect" as a result of Coats's delay. Finally, although Rule 41(b) does not provide for other sanctions, a district court should consider whether less drastic sanctions may be effective before dismissing a case. *See Dodson v. Runyon,* 86 F.3d 37, 41 (2d Cir.1996). The district court did not discuss the possibility of a less drastic sanction in its order, nor is there any evidence in the record demonstrating that the court considered such a sanction.

Accordingly, for the reasons set forth above, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.