12-0742-cv
Adams v. Yolen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand thirteen.

Present:
        ROBERT D. SACK,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,

                *Circuit Judges.*
_____

Alfreda Adams,

        *Plaintiff – Appellant*,

        v.                             No. 12-0742-cv

Timothy B. Yolen, Trustee Lender, Anthony J. Marchese, Lender, Anthony Kaiser, Contractor, Peter Gravelle, Broker, John Gregory, Real Estate Agent, Vincent R. Falcone, Esq., Daniel Stackpole, Esq., Morris Olmar, Esq.,

        *Defendants – Appellees*,

Beacon Financial Solutions LLC, Private Lender,

        *Defendant*.

_____

1

FOR APPELLANT:                    JEFFREY R. HELLMAN, Zeisler & Zeisler, P.C., Bridgeport, Connecticut.

FOR APPELLEES FALCONE & STACKPOLE:   FREDERICK L. MUROLO, Murolo & Murolo, LLC, Cheshire, Connecticut.

FOR APPELLEE YOLEN:           DANIEL M. ERWIN, (Norman A. Pattis, on the brief), The Pattis Law Firm, LLC, Bethany, Connecticut.

---

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Appellant Alfreda Adams ("Adams") appeals from a January 31, 2012 order of the district court denying her motion to reopen a civil case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision to affirm the district court's denial of the motion to reopen.

Adams initially filed her complaint in this case on September 25, 2008. Following motions for a stay filed by several of the named defendants, the district court on December 11, 2008, dismissed Adams' case "without prejudice to reopening following the conclusion of the bankruptcy proceedings." As Adams has conceded in her motion to reopen, the bankruptcy proceedings concluded on July 23, 2009, approximately seven months after the order of dismissal was entered. Nothing happened in Adams' civil case, however, until the district court appointed pro bono counsel for Adams on December 19, 2011. On January 30, 2012, Adams, through her newly-appointed counsel, filed a motion to re-open, arguing that she should be granted "special leniency regarding procedural matters" because of her *pro se* status prior to

2

December 2011 and asserting, too, that she "was not aware that she had the right to reopen the case" upon closure of the bankruptcy case. Her arguments are much the same on appeal. As did the district court, we reject Adams argument that her delay of two years and five months should be excused.

We review the district court's dismissal for abuse of discretion, and we "identify abuse of discretion when a district court's challenged decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or when its ruling cannot be located within the range of permissible decisions." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation marks omitted). When a district court has "sanctioned" a party for "dilatory, contumacious, or forgetful behavior," or for failure to prosecute, by dismissing the case, *id.* at 576-77, we have employed a five-factor test to determine whether dismissal was appropriate, although no one factor is dispositive, *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001), and we still "review the dismissal in light of the record as a whole," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The district court "is not required to discuss each of the factors on the record." *Martens*, 273 F.3d at 180.

Reviewing the denial of the motion to reopen in light of the record as a whole, we cannot conclude the district court exceeded the bounds of its discretion. We first consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255; *Martens*, 273 F.3d at 180. Despite Adams' protestations that a *pro se* litigant should be excused from suffering consequences of the delay, the district court's December 11, 2008, order dismissing the case should have been clear, even to a *pro se* litigant, that the litigant could reopen the case "following the conclusion of the bankruptcy proceeding." Moreover, even a *pro se* litigant should have realized that a lapse of

3

two years and five months (a total of 29 months) between the event that triggered the right to reopen and the actual motion to reopen is a "significant delay." *See Drake*, 375 F.3d at 255 (finding 17-month delay "significant"); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (finding delay from April 1996 to February 1998 "a prolonged" failure to prosecute). *Cf. Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (concluding delay of 39 days *not* significant). Any deleterious impact on Adams' "right to due process and a fair chance to be heard" is a result of her own dilatory actions in failing to move to reopen her case in almost two-and-a-half-years after the conclusion of her bankruptcy proceedings.

We further consider whether the defendant is likely to be prejudiced by further delay. Adams contends there is no evidence of prejudice. We have, however, concluded that "[p]rejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256; *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("[When] delay is more moderate or excusable, the need to show actual prejudice is proportionally greater."). Because we conclude that the delay of two years and five months is indeed very lengthy and here is also inexcusable, we presume that the defendants in the civil case would be prejudiced if a case filed in 2008 were allowed to be reopened in 2012.

Upon our review of the record as a whole, we conclude the district court did not exceed the bounds of its discretion in refusing to grant Adams' motion to reopen. We have considered all of Adams' remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4