Zappin v. Collazo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>DEBRA ANN LIVINGSTON,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

———————————————————————

Anthony Jacob Zappin,

>>*Plaintiff-Appellant,*
>v.

Kevin M. Doyle, Ernesto Collazo,
Justice Deborah Kaplan, Justice Rolando T. Acosta,
Justice Peter Moulton, Justice Lawrence K. Marks,
Justices of the Supreme Court of the State of New York,
Appellate Division First Department, Robert H. Tembeckjian,
Justice Matthew F. Cooper,

>>*Defendants-Appellees,*

Lauren Liebhauser, Cyrus Vance,

>>*Defendants.*

18-1420

———————————————————————

FOR PLAINTIFF-APPELLANT:            Anthony Jacob Zappin, *pro se*, Huntington, WV.

FOR DEFENDANTS-APPELLEES:       Seth Rokosky, Esq., Office of the Attorney General for the State of New York, Albany, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Zappin, an attorney proceeding *pro se*,[1] sued five New York State Supreme Court Justices; the Justices of the Appellate Division, First Department; two members of the Appellate Grievance Committee of the First Department; the Administrator of the State Commission on Judicial Conduct; the Manhattan County District Attorney; and an investigator in that office, alleging constitutional violations under 42 U.S.C. § 1983 and state tort claims stemming from his matrimonial proceedings and related criminal and disciplinary matters. Zappin indicated that he would amend his 375-page first amended complaint, but subsequently failed to comply with six court orders directing him to file either a motion for leave to amend or the second amended complaint by certain deadlines (most of which he had suggested). The district court dismissed the amended complaint with prejudice under Federal Rule of Civil Procedure 41(b) due to Zappin's

---

[1] Although "*pro se* plaintiffs should be granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), "a lawyer representing himself ordinarily receives no such solicitude at all," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

failure to comply with its orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a Rule 41(b) dismissal for violations of the court's orders under an abuse of discretion standard, in light of the record as a whole. *Lucas v. Miles*, 84 F.3d 532, 534–35 (2d Cir. 1996) (recognizing, however, that "dismissal is a harsh remedy and is appropriate only in extreme situations" and, usually, "deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme"). Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (the power of a court to dismiss for violating a court order "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"[2]). Because dismissal is a harsh remedy, a court weighs five factors when assessing whether to dismiss for failure to comply with court orders:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.   No single factor is generally dispositive.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).   When "dismissal operates as a sanction for dilatory tactics during the course of litigation or for failure to follow [ ] court order[s], the straightforward application of the [five] factors . . . provides a reasonable means for evaluating the district court's exercise of its discretion under Rule 41(b)."   *Lewis*, 564 F.3d at 576.

Upon such review, we conclude that the district court properly dismissed the complaint with prejudice under Rule 41(b) for failure to comply with court orders, as analyzed under the five-factor *Baptiste* test.   We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned April 10, 2018 order.

One issue warrants brief additional discussion.   Zappin argues that, under the first *Baptiste* factor, the 49-day delay between February 13, 2018, the day he was directed to file his motion for leave to amend, and April 4, 2018, when the district court refused to accept Zappin's second amended complaint, could not be considered a "significant delay" under the five-factor test.   The district court focused on Zappin's "course of conduct over a period of months," coupled with his "abiding disdain for the Court and its orders" as grounds for finding that this factor weighed against him.   App. at 104.

We have found "significant delays" when such delays are longer than involved here.   *See U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (17-month delay was significant and was "comparable to, if not longer than, delays that have supported dismissals in other cases").   Case law also supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal.   *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43

4

(2d Cir. 1982) (noting that delays supporting Rule 41(b) dismissals have ranged from a matter of months to a period of years).   But failure to prosecute under Rule 41(b) "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. The latter may consist, for example, of . . . repeated requests for continuances or persistent late filings of court ordered papers.  Such conduct may warrant dismissal after merely a matter of months[.]"  *Id.*.   The district court's Rule 41(b) analysis repeatedly cited Zappin's dilatory tactics—the untimely filing of documents, the failure to file requests for extensions—sufficient to satisfy this factor.

We have considered all of Zappin's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court