18-3511(L)
*The Law Offices of Marcia E. Kusnetz, et al. v. JR Pension Services, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of November, two thousand sixteen.

PRESENT:    José A. Cabranes,
            Reena Raggi,
                        *Circuit Judges,*
            Edward R. Korman,
                        *District Judge*[*]

---

The Law Offices of Marcia E. Kusnetz, P.C.; The Law Office of Marcia E. Kusnetz Defined Benefit Plan; and Marcia Kusnetz, individually and as administrator of The Law Office of Marcia E. Kusnetz Defined Benefit Plan,

               *Plaintiffs-Appellants-Cross-Appellees,*          18-3511-cv, 18-3560-cv

               v.

Jeffrey Richgat; JR Pension Services, Inc.,

               *Defendants-Appellees-Cross-Appellants,*

Matthew Gaglio; Johanna Gaglio-Boden; Jeffrey Richgat; JR Pension Services, Inc.; Integrity Advisors Pension Consultants, Inc.; NY Rosbruch/Harnik, Inc. d/b/a

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

STRATEGIES FOR WEALTH; PARK AVENUE SECURITIES, LLC; GUARDIAN LIFE INSURANCE; AND FELY CIEZA,

*Defendants.*

---

**FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES:** MICHAEL D. ASSAF, Assaf & Siegal PLLC, Albany, NY.

**FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS:** MATTHEW P. COHEN, Adam R. Schwartz, McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY.

Appeal from judgments entered on July 17, 2018 and October 25, 2018 in the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court be and hereby are **AFFIRMED.**

Plaintiffs-Appellants-Cross-Appellees ("MEK") challenge two judgments of the District Court, the first, dismissing with prejudice for failure to prosecute their claims against Defendants-Appellees-Cross-Appellants ("JR") and the second, denying their Motion for Reconsideration of that earlier dismissal. At the same time, JR cross-appeals the District Court's denial of their Motion for Attorney's Fees.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*I: Dismissal for Failure to Prosecute*

"We review a dismissal for failure to prosecute for abuse of discretion." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). "We have acknowledged that dismissal with prejudice is a harsh remedy to be utilized only in extreme situations. Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (internal citations and quotation marks omitted).

"The correctness of a [dismissal for failure to prosecute] is determined in light of five factors. They are: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be

heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

MEK argues that, because the District Court failed to consider every one of the factors on the record, and because it gave undue weight to those factors that it did consider, the dismissal with prejudice constituted error amounting to an abuse of discretion. We disagree.

When determining whether to dismiss an action for failure to prosecute, a district court is not required to consider each of the five identified factors on the record. *Id.* In any event, the District Court specifically addressed three of the five factors, and reasonably concluded that they all weighed in favor of dismissal.

First, the District Court reasonably concluded that MEK consistently engaged in dilatory practices, most recently by failing timely to respond to the Order to Show Cause. MEK offered no clear excuse for its delays, even though the Order to Show Cause stated a precise deadline.

Second, the District Court reasonably concluded that the Order to Show Cause gave MEK sufficient notice that their claims would be dismissed if they missed the deadline for responding. There was no ambiguity in the District Court's message, and MEK does not argue otherwise. Indeed, counsel below for MEK acknowledged that he was "aware that the Court entered an Order to Show Cause directing the plaintiff to address whether this matter should be dismissed for non-prosecution." Pl. App'x 135.

Third, the District Court reasonably concluded that other sanctions for MEK's conduct would be inadequate. In denying MEK's motion for reconsideration, the District Court stated that it had considered two other sanctions before dismissing the action: granting JR leave to move (1) against the entire complaint or (2) for fees. The former would hardly "sanction" MEK because JR did not need court leave to file a dispositive motion. And while a fees award would operate as a sanction, we do not identify an abuse of discretion in the District Court's determination that it was inadequate in the circumstances of this case.

Accordingly, we conclude that the District Court did not abuse its discretion in dismissing MEK's claims with prejudice. We further note that, even if MEK is correct that the fault for delay primarily lies with their counsel below, MEK's remedy for such behavior is in an action for malpractice against their counsel. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962).

*II: Motion for Reconsideration*

"Denials of motions for reconsideration are reviewed only for abuse of discretion." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

3

MEK did not point to any controlling decisions or data that the District Court overlooked. Instead, the Motion for Reconsideration was an attempt "to relitigate an issue already decided." *Id.* Denying it was not an abuse of discretion.

*II: Attorney's Fees*

We review the denial of a Motion for Attorney's Fees under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for abuse of discretion. *See e.g.*, *Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 450 (2d Cir. 2006). ERISA's fee-shifting provision states that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

To warrant an award under § 1132(g)(1), a party "must show some degree of success on the merits," a requirement that cannot be satisfied by demonstrating only "trivial success on the merits or a purely procedural victor[y]." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citations and internal quotation marks omitted). A party demonstrates the requisite success on the merits "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (citations and internal quotation marks omitted).

Here, the District Court concluded that it could not, at such an "early stage" in the action, state with certainty that JR succeeded on the merits. Pl. App'x 206–07. To so state would require a "lengthy inquiry" that the District Court was not positioned to conduct.

The District Court's conclusion was reasonable and well within the boundaries of its discretion under the statute. Accordingly, the District Court did not abuse its discretion in denying attorney's fees.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the July 17, 2018 and the October 25, 2018 judgments of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4